

U.S. Department of Justice

Channing D. Phillips
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

**BY EMAIL**

August 23, 2021

Honorable Zia M. Faruqui
Magistrate Judge
United States District Court
District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Re: Addendum Order – *U.S. v. Shroyer*, Case No. 21-mj-572 (ZMF)

Dear Magistrate Judge Faruqui:

We write in response to the draft Addendum Order in *U.S. v. Shroyer*, Case No. 21-mj-572 (ZMF) ("Addendum Order"); and specifically to address the Court's concern that it "received an unsatisfactory answer" to "the question of whether and how the Department of Justice complied with its policies [regarding media process]…." *Id.* at 9. While we regret that the Court has found our response to its inquiry "unsatisfactory," we believe that our response is appropriate.

As noted in the Addendum Order, the question before the Court is whether there is probable cause to believe Jonathon Owen Shroyer committed certain federal offenses on the grounds of the Capitol, in violation of 18 U.S.C. §§ 1752(a)(1)–(2) and 40 U.S.C. §§ 5104(e)(2)(D)–(E). (Addendum Order at 9). While reviewing the submitted complaint and arrest warrant, the Court inquired about certain safeguards that the Department of Justice follows to protect Members of the News Media. But those safeguards fall within the province of the Executive Branch and do not bear on the question of probable cause before the Court.

To be clear, the recent Attorney General memorandum and the applicable regulations relating to Members of the News Media are binding upon Department attorneys. Like all other components within the Department of Justice, this Office is ensuring that these policies—in this

case and all others handled by its prosecutors—are scrupulously followed. Likewise, the Department institutes training, accountability, and disciplinary measures that reinforce the importance of adherence to such requirements. Department attorneys who fail to comply with the relevant policies can be subject to discipline and administrative sanction.

The representations that the Department provided previously to the Court were intended to underscore these points, while at the same time recognizing that enforcement of the regulations is a matter committed to the Executive Branch (and, in particular the Department) and not the Judicial Branch—a principle that is expressly set out in the regulations. On July 19, 2021, Attorney General Merrick Garland issued a memorandum regarding the use of compulsory process vis-à-vis members of the media. This policy, however, does not give rise to an enforceable right. *United States v. Caceris*, 440 U.S. 741, 755-756 (1979). Furthermore, the pertinent Code of Federal Regulations explicitly states as follows:

> (i) Failure to comply with policy. Failure to obtain the prior approval of the Attorney General, as required by this policy, may constitute grounds for an administrative reprimand or other appropriate disciplinary action.

> (j) General provision. *This policy is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.*

28 C.F.R. § 50.10 (i) and (j) (emphasis added).

Accordingly, a requirement to proffer to the Court how and on what basis the Executive Branch has made determinations under these internal Department policies would be inconsistent with the appropriate role of the Court with respect to such policies and would risk disclosing internal privileged deliberations. Moreover, such inquiries could risk impeding frank and thoughtful internal deliberations within the Department about how best to ensure compliance with these enhanced protections for Members of the News Media.

While we appreciate the issues animating the Court's inquiry, we do not believe that it is appropriate for the Court to inquire as to how the government implements its internal policies. Particularly when dealing with actions of the Executive Branch, separation of powers principles constrain the courts' inherent and supervisory authority. *See, e.g., Laird v. Tatum*, 408 U.S. 1, 15 (1972) (separation of powers forbids courts from becoming "continuing monitors of the wisdom and soundness of Executive action"); *Perkins v. Lukens Steel Co.*, 310 U.S. 113, 131 (1940) ("The interference of the courts with the performance of the ordinary duties of the executive departments of the government, would be productive of nothing but mischief; and we are quite satisfied that such a power was never intended to be given to them.").

As the Court notes, Addendum Order at 7-8, this Office has conferred on previous occasions with the Court regarding certain aspects of the Department's media polices. In the main, those situations are distinguishable; and, in any event, the government is not bound by those prior actions. *Cf. United States v. Mendoza*, 464 U.S. 154, 160-161 (1984) (government is not estopped

simply because it does not contest every adverse ruling).

      Please feel free to contact me, if you have any questions or would like to discuss this issue further.

      Sincerely,

      Channing D. Phillips
      Acting United States Attorney

      John Crabb Jr.
      Chief, Criminal Division