**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Dkt. No.: 1:21-cr-00542-TJK |
| v. | : | |
| | : | |
| JONATHAN OWEN SHROYER. | : | October 14, 2021 |

## STATEMENT OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

For more than eight months, the United States has unsuccessfully searched for a mastermind who orchestrated the events that occurred in Washington, D.C. on January 6, 2021. Finding none, it now casts an even broader prosecutorial net, ensnaring people who merely exercised their First Amendment right to petition their government for the redress of their grievances.

This net has ensnared the Defendant, Jonathan Owen Shroyer – a journalist. It has done so by withholding material information from an FBI special agent's affidavit in support of its request for an arrest warrant for Shroyer. This information consists of (1) videos of U.S. Capitol police officers removing the barriers that marked the restricted area on January 6, 2021 and inviting protestors to enter the restricted area by waving them in, and (2) a 20-minute bodycam video from a bodyguard for Alex Jones and Owen Shroyer who had repeated conversations with U.S. Capitol police officers where, on Jones' and Shroyer's behalf, he begged them to allow them to help calm and disperse the crowd.

The United States seeks to proceed on a charging document that it has obtained through selectively presented evidence for an improper motive: retaliating against Shroyer for speech that the First Amendment protects. Nothing that he has said remotely satisfies the heavy constitutional burden that the United States bears to prosecute him

1

for incitement, and the Court should not allow the United States to end run the First Amendment.  In other words, probable cause does not exist for his arrest or prosecution, let alone proof beyond a reasonable doubt.

Thus, pursuant to Federal Rule of Criminal Procedure 12 and Local Criminal Rule 47, the Defendant, Jonathan Owen Shroyer, submits this memorandum of points and authorities in support of his motion to dismiss all of the criminal charges against him with prejudice.

## **FACTUAL ALLEGATIONS**

Owen Shroyer is a nationally syndicated television host and journalist for Infowars.com. He hosts a daily television show called "The War Room With Owen Shroyer," and he has regularly comments on national news, including the 2020 presidential election, and he advocated for inquiries into whether that election had been fairly conducted. The United States seeks to prosecute him for his involvement in the January 6, 2021 protests against the certification of the Electoral College votes from the 2020 presidential election.

**Prior Charges:**

Prior to the present charges that Shroyer faces, District of Columbia prosecutors charged Shroyer with disrupting Congress and obstructing passage on Capitol grounds after he interrupting a House Judiciary Committee meeting on December 9, 2019. *See* **Exhibit A – Affidavit of FBI Special Agent Clarke Burns, p. 2**. On February 25, 2020, Shroyer and D.C prosecutors entered in a Community Service Deferred Prosecution Agreement (DPA) where Shroyer agreed to abide by certain conditions in exchange for the government dismissing his charges. **Exhibit B.**

The DPA's conditions contained the following special provisions:

1.  The defendant agree not to utter loud, threatening, or abusive language, or to engage in any disorderly or disruptive conduct, at any place upon the United States Capitol Grounds or within any of the Capitol Building with the intent to impede, disrupt, or disturb the orderly conduct of any session of the Congress or either House thereof, or the orderly conduct within any such building of any hearing before, or any deliberations of, any committee or subcommittee of the Congress or either House thereof.

2.  The defendant agrees not parade, demonstrate, or picket within any of the Capitol Buildings.

*Id*. at p.4.

The DPA defines the "Capitol Buildings" as the "United States Capitol, the Senate and House Office Buildings and garages, the Capitol Power Plant, all subways and enclosed passages connecting 2 or more of such structures, and the real property underlying and enclosed by any such structure." *Id*. at p. 4. It the provides a map delineating what are considered to be the U.S. Capitol Grounds. *Id*. at p. 5.

FBI Special Agent Clarke Burns insinuates that Shroyer violated this agreement even though federal prosecutors have left that decision to D.C. prosecutors. **Exhibit A, p. 3.**

**<u>Pre-January 6, 2021 Statements:</u>**

The United States has selectively culled Shroyer's statements to fit its Robespierrian portrayal of him.

First, it quotes from Shroyer's speech at Freedom Plaza on January 5, 2021 where it alleges that he said "Americans are ready to fight, We're not exactly sure what that's going to look like perhaps in a couple of weeks if we can't stop this certification of the

fraudulent election… we are the new revolution! We are going to restore and we are going to save the republic!" *Id*. at p. 3.

Second, it points to his comments on an Infowars live broadcast on January 5, 2021:

> what I'm afraid of is if we do not get this false certification of Biden stopped this week. I am afraid of what this means for the rest of the month… Everybody knows election was stolen … are we just going to site here and become activists for 4 years or are going to actually do something about this… whatever that cause or course of cause may be?

*Id*. at p. 3.

Third, it focuses on his appearance in Infowars promotional material advertising protest marches on January 5th and 6th, 2021 in Washington, D.C. where he is featured on a poster asking people to "Fight for Trump." *Id*. at pp. 3-4.

**January 6, 2021 Statements:**

The United States focuses on two statements that Shroyer made on January 6, 2021.

First, it points to his comments to protestors marching toward the United States Capitol building from the Ellipse: "today we march for the Capitol because on this historic January 6, 2021, we have to let our Congressmen and women know, and we have to let Mike Pence know, they stole the election, we know they stole it, and we aren't going to accept it!" *Id*. at p. 4.

Second, the United States points to a statement Shroyer made when he called into an Infowars broadcast to report on what was happening at the protests. Shroyer explains that he "got to the Trump rally at about 8:00 AM" and then "marched to the Capitol." Shroyer then stated that he was on "one side of the Capitol, so we can't see both sides,

but on this side alone there's probably about 100,000 people. They've taken the Capitol grounds, they've surrounded the building itself, they're on the actual building structure… We literally own these streets right now." *Id*. at p. 6.[1]

**Shroyer's Alleged Conduct:**

The United States' factual allegations as to Shroyer's conduct occupy a mere two paragraphs in the seven-page affidavit in support of the arrest warrant:

> I have viewed another video posted to Infowars that purports to be video from the body worn camera of a security detail member from January 6, 2021. The footage depicts SHROYER within the restricted area on both the west and east sides of the Capitol.
>
> I am aware of other videos and photos depicting SHROYER in the restricted area of the U.S. Capitol on January 6, 2021. For example, the FBI received a video from an anonymous tip that depicts SHROYER at the top of the stairs on the east side of the Capitol. At one point the video, the camera zooms in and a voice can be heard exclaiming "well there's… and Owen Shroyer up there.

*Id*. at p. 6.

## ARGUMENT

### I. Legal Standard:

Federal Rule of Criminal Procedure 12 gives a criminal defendant the right to move to dismiss an indictment or an information on any grounds that the Court can determine without a trial on the merits. When considering a motion to dismiss an indictment or an information, "a court assumes the truth of [its] factual allegations." *United States v. Ballestas*, 795 F.2d 138, 149 (D.C. Cir. 2015).

---

[1] The United States purports to cite a video from Infowars to quote Shroyer's interview, but the video that it cites does not contain the quote that it seeks to pin on Shroyer.

II.   **The United States Withheld Material Facts That Would Have Prevent The Court From Finding Probable Cause When It Applied For The Arrest Warrant For Shroyer.**

When it applied for the arrest warrant in this case, the United States made much of a body camera video showing Shroyer on United States Capitol grounds and inside a restricted area – the boundaries of which it never describes. The United States, however, knowingly and intentionally, or with reckless disregard for the truth, omitted material information from the sworn information that it presented to the Court to obtain an arrest warrant for Shroyer. Its omission of material information violates Shroyer's Fourth Amendment right to only be arrested upon a warrant supported by probable cause. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978); *see also United States v. Williams*, 827 F.3d 1134, 1145-46 (D.C. Cir. 2016).

The Fourth Amendment requires arrest warrants to be supported by probable cause. Probable cause is "defined in terms of facts and circumstances sufficient to warrant a prudent man in believing that the (suspect) has committed or was committing an offense." *Gerstein v. Pugh*, 420 U.S. 103, 111-12 (1975) (internal quotation marks and citation omitted). Under this definition, probable cause "is more than bare suspicion but is less than beyond a reasonable doubt and, indeed, is less than a preponderance of the evidence." *United States v. Burnett*, 827 F.3d 1108, 1114 (D.C. Cir. 2016). The D.C. Circuit Court of Appeals has acknowledged that probable cause "may be based on the collective knowledge of the police." *Id*. at 1114.

The D.C. Circuit has also held that the United States may face sanctions, including the suppression of evidence or the dismissal of criminal charges, if it "knowingly and intentionally (or with reckless disregard) omitted a fact that would have defeated probable

cause" in its applications for warrants. *United States v. Glover*, 681 F.3d 411, 419 (D.C. Cir. 2012). Nonetheless, the bare allegation of an omission is not enough. To implicate the Fourth Amendment and obtain a *Franks* hearing, a criminal defendant must show that the omitted information would have altered the Court's probable cause finding if the United States had provided the Court with that information. *Williams*, 827 F.3d at 1146.

Shroyer more than carries his burden here as the United States has created a record of misconduct in this case so grossly deviating from Fourth Amendment requirements as to be unrecognizable in American law. Not only did the United States intentionally omit any discussion of evidence that United States Capitol Police officers removed the boundaries to the restricted areas and invited January 6th protestors on to United States Capitol grounds, but it also intentionally distorted the main piece of evidence upon which it relies to place Shroyer on United States Capitol grounds and within the restricted area.

**A. The omitted facts show that Shroyer and his colleagues sought to deescalate events and direct protestors off United States Capitol grounds while showing that they had no knowledge that they were in a restricted area.**

The United States supports its application for Shroyer's arrest warrant with the affidavit of FBI Special Agent Clarke Burns. **Exhibit A.** In turn, Burns supports his allegations of Shroyer's misconduct by reciting his observations of video footage from one of Shroyer's bodyguards from January 6, 2021 that he retrieved from Infowars' website.[2] Burns' description of the video is that it depicts Shroyer within the restricted area on both sides of the United States Capitol. *Id*. at p. 6.

---

[2] Burns indicates that the video can be found at https://banned.video/watch?id=5ffe25bc0d763c3dca0c4da1.

Burns, however, omits that nothing in the video shows where the restricted area was, what its boundaries were, or warns Shroyer that he was in the restricted area. Burns also omits that, over the course of the 20-minute video, Shroyer's bodyguard talked to multiple United States Capitol police officers, including on the United States Capitol steps, and expressed that Shroyer and his colleagues wanted to follow the law and help the United States Capitol police deescalate events. Burns conveniently omits the fact that a United States Capitol police officer – identifiable by his name tag as "C. Atkinson" – directs Shroyer and his colleagues to the opposite side of the Capitol building as being where the crowd is the worst when Shroyer's bodyguard asks where the United States Capitol police needs help the most instead of telling them to leave a restricted area or not to go in one.

Shockingly, Burns hides from the Court that, when Shroyer and his colleagues went where Officer Atkinson directed them to go, Shroyer's bodyguard had several more conversations with United States Capitol police officers right in front of what appears to be the United States Capitol steps. In these conversations, Shroyer's bodyguard, Shroyer, and his colleagues interact with both rank-and-file Capitol police officers forming a line to guard the Capitol steps and a Capitol police commander who placed a phone call to his superiors asking whether they could allow Shroyer and his colleagues to assist in deescalating the crowd. Burns fails to tell the Court that, in these interactions, not a single Capitol police officer asked Shroyer or his colleagues to leave or told them that they were unlawfully in a restricted area. Burns also does not tell the Court that the United States Capitol police officers pled with their superiors to allow Shroyer and his colleagues to help them deescalate the crowd.

The United States' omission of facts does not stop there. It failed to alert the Court that United States Capitol police officers removed the bicycle-rail-type barricades marking a supposed restricted area around the United States Capitol[3] and invited protestors to come right up to the steps by waving them forward.[4]

### B. The omitted facts are material and would change the Court's probable cause finding.

The D.C. Circuit has defined material facts for purposes of a probable cause determination as "facts material to the alleged crime charged, facts which would have a tendency to throw light upon whether any malicious mischief was in fact committed, and who in all probability committed them." *Sears Roebuck & Co. v. Gault*, 175 A.2d 795, 297 (D.C. Cir. 1961). In the *Brady* context, the Supreme Court has held that evidence is material "if there is a reasonable probability that, had the evidence been disclosed…, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 676 (1985).

These definitions of materiality are entirely consistent with the D.C. Circuit's holding in *Glover* where it prohibits the United States from omitting facts that would defeat probable cause. *United States v. Glover*, 681 F.3d 411, 419 (D.C. Cir. 2012).

The facts that the United States has omitted here provide a far different picture of Shroyer's actions on January 6th, 2021 and defeat probable cause entirely on all four counts.

---

[3] https://twitter.com/allisongeroi/status/1346945654682050562
[4] https://twitter.com/NorthBuzzTv/status/1348314349270659072

1. **Count One – 18 U.S.C. § 1752(a)(1):**

A person violates 18 U.S.C. § 1752(a)(1) by (1) knowingly (2) entering or remaining in (3) any restricted building or grounds (4) without lawful authority to do so. The United States fails to provide clear allegations that come close to establishing probable cause that Shroyer violated any of these elements, let alone all of them, and its blatant pattern of omissions is the only thing that saved its application from being found lacking in probable cause.

First, with respect to the second and third elements, the United States describes the restricted area as the exterior plaza of the United States Capitol. It, however, provides no description of how it might have changed over the course of January 6th, 2021, especially since United States Capitol police officers removed barricades securing the United States Capitol plaza[5] and invited protestors to enter.[6] Instead, it merely offers a conclusory assertion that Shroyer entered a restricted area that, given its conduct of Shroyer's case so far, may very well have changed as a matter of convenience to charge him.

Second, with respect to the first element, the United States makes no allegation that Shroyer knew where its alleged restricted area was even though it alleges that he had "special knowledge of what areas in Washington, D.C." constituted United States Capitol grounds. It fails to tell the Court that, despite Shroyer's bodyguard talking to multiple United States Capitol police officers and a Capitol police commander, not a single one told Shroyer and his colleagues to leave because they were in a restricted area. It

---

[5] https://twitter.com/allisongeroi/status/1346945654682050562
[6] https://twitter.com/NorthBuzzTv/status/1348314349270659072

also fails to tell the Court that United States Capitol police officers helped protestors remove the barriers marking the boundaries of what initially may have been the restricted area[7] and invited them to approach closer to the Capitol. [8] It also fails to tell the Court that nothing in the videos it relied on to seek Shroyer's arrest would inform a reasonable person that they were in a restricted area.

Third, with respect to the fourth element, the United States fails to tell the Court that it both explicitly and implicitly authorized Shroyer to lawfully enter and remain on United States Capitol grounds. It fails to tell that the Court that the video that it relies on to support its allegations for Shroyer's arrests shows Shroyer's bodyguard talking to multiple United States Capitol police officers, including on the United States Capitol steps, and expressing that Shroyer and his colleagues wanted to follow the law and help the United States Capitol police deescalate events. It also hides the fact that the same video shows a United States Capitol police officer – identifiable by his name tag as "C. Atkinson" – told Shroyer and his colleagues to go to the opposite side of the Capitol building because the crowd situation was worse there. At no point did Officer Atkinson tell Shroyer and his colleagues to leave the restricted area and actually directed them to another part of the restricted area in hopes that they could assist the United States in containing the crowd.

The United States' concealment of evidence and facts does not stop there. The video shows that, when Shroyer and his colleagues followed Officer Atkinson's directions, they conversed with other Capitol police officers, including a commander, in front of the

---

[7] https://twitter.com/allisongeroi/status/1346945654682050562
[8] https://twitter.com/NorthBuzzTv/status/1348314349270659072

Capitol steps. Instead of asking Shroyer and his colleagues to leave, those officers told them to wait while they pled with their superiors for permission to accept Shroyer and his colleagues' offer to help them control the crowd. Not a single officer told Shroyer or his colleagues to leave or that they were in a restricted area without lawful grounds to be there.

Once these facts are considered in relation with the other facts stated in the application for Shroyer's arrest warrant, the complete lack of probable cause to support Count One becomes readily apparent. Not only was the restricted area rapidly evolving on January 6, 2021, but Capitol police officers also made no efforts to let anyone, including Shroyer and his colleagues, know where its new boundaries were after they invited protestors inside. Not a single officer communicated the fact that Shroyer might have been in a restricted area to Shroyer or his colleagues. Thus, Shroyer had no way to know whether he had entered a restricted area.

Adding insult to injury, the United States actually gave Shroyer permission to be in any restricted area by first telling him that its police officers could use his help on the other side of the Capitol building and telling him to go there and then asking him to remain near them while they plead with their superiors to allow Shroyer and his colleagues to help them. In other words, the United States gave Shroyer lawful authority to be in the restricted area and then concealed those facts from the Court to advance a politically-motivated prosecution against him.

The United States' baiting and switching requires the Court to take a far closer look at the warrant application for Shroyer's arrest, and Shroyer demands a *Franks* hearing to

thresh out these issues. Both the raw written record and any evidence adduced at the *Franks* hearing will demonstrate that probable cause does not exist for Count One.

### 2. Count Two – 18 U.S.C § 1752(a)(2):

A person violates 18 U.S.C. § 1752(a)(2) by (1) knowingly (2) and with intent to impede or disrupt the orderly conduct (3) of Government business or official functions, (4) engages in disorderly or disruptive conduct (5) in, or within such proximity to, (6) any restricted building or grounds (7) when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions.

As it did with Count One, the United States fails to provide clear allegations that come close to establishing probable cause for this count, and its omissions so pervert the truth that the Court will find a much different story that does not support probable cause when it considers the missing facts.

First, with respect to the first, fifth, and sixth elements, Shroyer discussed at length above that no reasonable person could have been expected to have knowledge of where the restricted area was after United States Capitol police officers helped protestors remove the barriers marking the boundaries of what initially may have been the restricted area[9] and invited them to approach closer to the Capitol and how no Capitol police officer ever told him that he was in a restricted area.[10] The same reasoning as to Count One applies to Count Two, and the United States omitted these critical facts from its application for an arrest warrant.

---

[9] https://twitter.com/allisongeroi/status/1346945654682050562
[10] https://twitter.com/NorthBuzzTv/status/1348314349270659072

Second, with respect to elements two through four and seven, the United States omits the crucial fact that Shroyer never entered the United States Capitol building and that the primary video that it relies on to charge him does not contain a single second of him or his colleagues engaged in any acts of protest or disorderly or disruptive conduct. Instead, the primary video that it relies on to charge him shows him and his colleagues engaged in an active effort to talk to Capitol police about helping to deescalate the crowd and events. At no point did Shroyer engage in an act of protest in or near a restricted area, much less an act of disorderly conduct.

The United States' reliance on insinuations and unbridled political innuendo to paint Shroyer as an unhinged rabblerouser are unworthy of an office sworn to do justice instead of conducting political lynchings by use of Communist tactics of telling half-truths. If Shroyer's conduct amounted to disorderly conduct, then Jesus Christ or the Dalai Lama would have been arrested for trying to be a peace maker on January 6th, 2021.

The United States, however, is so hell-bent on prosecuting Shroyer that it omitted the crucial fact that Shroyer did nothing but offer his assistance to calm the crowd and urge them to leave United States Capitol grounds. It also has omitted the fact that its own police officers begged their superiors to allow them to utilize Shroyer and his colleagues' help. Shroyer's conduct was not disorderly or disruptive, and he should be lauded for it, not prosecuted. Thus, Shroyer demands a *Franks* hearing as to Count Two, which will show that probable cause does not exist for Count Two.

### 3.  Count Three – 40 U.S.C. § 5104(e)(2)(D):

A person or a group of individuals violates 40 U.S.C. § 5104(e)(2)(D) by (1) willfully and knowingly (2) utter loud, threatening, or abusive language, or engaged in disorderly

or disruptive conduct, (3) at any place in the Grounds or in any of the Capitol Buildings (4) with the intent to impede, disrupt, or disturb (5) the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress.

As discussed above in Count Two, the United States omits the crucial fact that Shroyer never entered the United States Capitol building and that the primary video that it relies on to charge him does not contain a single second of him or his colleagues engaged in any acts of protest or disorderly or disruptive conduct on Capitol grounds. Instead, the primary video that it relies on to charge him shows him and his colleagues engaged in an active effort to talk to Capitol police about helping to deescalate the crowd and events. At no point did Shroyer engage in an act of protest in or near a restricted area, much less an act of disorderly or disruptive conduct.

The United States' factual allegations are telling as well. They contain nothing as to what Shroyer did or said on Capitol grounds. Instead, they are rife with insinuations about speech that Shroyer uttered days earlier and that is protected by the First Amendment. These allegations cannot meet even the low standard of probable cause. Shroyer demands a *Franks* hearing as to Count Three, which will show that probable cause does not exist for Count Three.

### 4.  Count Four – 40 U.S.C. § 5104(e)(2)(E):

A person or a group of individuals violates 40 U.S.C. § 5104(e)(2)(E) by (1) willfully and knowingly (2) obstructing or impeding (2) passage through or within the Capitol Grounds or any of the Capitol Buildings.

As has been discussed in regards to the previous counts, the United States omits the crucial facts as to this charge. It failed to tell that the Court that the video that it relies on to support its allegations for Shroyer's arrests shows Shroyer's bodyguard talking to multiple United States Capitol police officers, including on the United States Capitol steps, and expressing that Shroyer and his colleagues wanted to follow the law and help the United States Capitol police deescalate events. At no point does any officer telling Shroyer or his colleagues that they are obstructing or impeding passage through the Capitol grounds. In fact, the video shows that Capitol Police officer, C. Atkinson, told Shroyer and his colleagues where to go on Capitol grounds if they wanted to assist Capitol police.

The United States' concealment of evidence and facts does not stop there. The video shows that, when Shroyer and his colleagues followed Officer Atkinson's directions, they conversed with other Capitol police officers, including a commander, in front of the Capitol steps. Instead of asking Shroyer and his colleagues to leave, those officers told them to wait while they pled with their superiors for permission to accept Shroyer and his colleagues' offer to help them control the crowd. Not a single officer told Shroyer or his colleagues to leave or that they were obstructing or impeding passage on Capitol grounds.

These facts clearly establish that Shroyer and his colleagues moved and remained on Capitol grounds at the instruction and invitation of Capitol police officers. If they had been asked to leave, they would have immediately left. Thus, the United States lacks any probable cause to support this charge, and Shroyer demands a *Franks* hearing where he can challenge the United States' misrepresentation of facts in obtaining his arrest warrant.

**C. The United States knowingly and intentionally or with reckless disregard for the truth withheld these facts from the Court.**

The United States cannot claim that it is unaware of the facts that it has concealed. FBI Special Agent Clarke Burns based all of his allegations as to Shroyer's actual conduct on his review of Shroyer's bodyguard's body camera footage, which is publicly available on Infowars' website. **Exhibit A, p. 6.** He certainly viewed the entire footage to try to find every possible charge that he could bring against Shroyer. Thus, there is no question that he knew most of the facts about Shroyer and his colleagues' interactions with the Capitol police at the time that he applied for the arrest warrant.

Additionally, other federal law enforcement agents such as the United States Capitol police are aware of important facts such as their removal of barriers to what appears to be a restricted area[11] and their invitation for protestors to come in.[12] The United States had this knowledge and intentionally or recklessly did not disclose it to this Court.   The D.C. Circuit has held that probable cause determinations "may be based on the collective knowledge of the police." *United States v. Burnett*, 827 F.3d 1108, 1114 (D.C. Cir. 2016). The fact that the United States did not disclose this information when it was within their knowledge displays an intentional and knowing disregard for the truth.

Nor is such a rule inconsistent with a similar area of the law: *Brady* violations. The Supreme Court has held repeatedly that prosecutors have an obligation to disclose facts and evidence not within their personal knowledge, but retained within the personal knowledge of law enforcement personnel. *Strickler v. Greene*, 527 U.S. 263, 280-81 (1999) (discussing the rule). Applying a similar rule in the probable cause context is

---

[11] https://twitter.com/allisongeroi/status/1346945654682050562
[12] https://twitter.com/NorthBuzzTv/status/1348314349270659072

appropriate, particularly in cases such as this one where the United States begrudgingly welcomed Shroyer's proffer of help to deescalate events on January 6, 2021 and then got a case of buyer's remorse after the fact.

There is no question that the United States intentionally hid material facts from the Court that would have undermined probable cause for Shroyer's arrest. Shroyer demands a *Franks* hearing where he will vigorously hold the United States to its responsibility of supplying complete and truthful information to the Court.

**III.    The United States' Prosecution Of Shroyer Is Vindictive And Retaliatory Because It Seeks To Punish Him For First Amendment Protected Speech.**

FBI Special Agent Clarke Burns' affidavit in support of the United States' application for an arrest warrant reads more like a political hit piece than a prosecutorial document. It is long on recitations of Shroyer's speech and fatally deficient on any substantive allegations of criminal behavior by Shroyer. Its recitations of Shroyer's speech clearly demonstrate that Shroyer's speech – critical of the United States government and how it conducted the 2020 presidential election – is the United States' primary motivation for prosecuting him. In other words, the United States does not like what Shroyer said, and it seeks to circumvent the First Amendment by blending insinuations and hopelessly vague allegations to subject him to the criminal process in retaliation for his speech. The First Amendment prohibits such a course of action.

A vindictive prosecution occurs when "the government acts against a defendant in response to the defendant's prior exercise of constitutional or statutory rights." *United States v. Meyer*, 810 F.2d 142, 1245 (D.C. Cir. 1987). A defendant who asserts that a prosecution is vindictive may support such an assertion by either providing objective evidence that the government intends to punish him for exercising his rights or by

18

circumstantial evidence that gives rise to a presumption of vindictiveness because the facts presented "indicate a realistic likelihood of vindictiveness." *Id*. With respect to the latter method, a defendant may satisfy it by showing that the government's action was "more likely than not attributable to vindictiveness." *United States v. Safavian*, 649 F.3d 688, 692 (D.C. Cir. 2011) (internal quotation marks omitted).

As discussed previously, the United States has focused its application for an arrest warrant to begin this prosecution on insinuations about Shroyer's speech. It has also knowingly and intentionally hid from the Court numerous material facts showing that no probable cause exists to prosecute Shroyer.

Why? Shroyer's speech does not fall within the only First Amendment exception that the United States could possibly assert – the incitement exception. Speech falls within the incitement exception when it "is directed to inciting or producing imminent lawless action and is likely to incite or produce such action." *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969).

None of Shroyer's statements that the United States relies on advocate for lawless action. At worst, Shroyer's statements constitute vague calls to action at a future date without describing what type of action he was calling for. The First Amendment requires far more specific calls to action. *See, e.g.*, *Watts v. United States*, 394 U.S. 705 (1969) (holding that the First Amendment barred the prosecution of a teenager for saying that the first person he wanted to shoot if he was drafted was the president because his threat was not specific enough).

Despite this lack of specificity, a complete lack of any attempt to incite imminent lawless action by Shroyer, and Shroyer's strenuous efforts to help the United States put

a stop to lawless action, the United States has brought an incitement prosecution under the cloak of a time and place prosecution. The United States has no interest in prosecuting Shroyer for merely being on United States Capitol grounds. Instead, it seeks to punish him for his role in advocating for the lawful and peaceful protect of what he clearly stated was its misconduct. The First Amendment prohibits such a prosecution, and the United States' reliance on sensationalized innuendo instead of substantive allegations, and its knowing and intentional omission of material fact demonstrates that the United States is vindictively prosecuting Shroyer.

The United States' refusal to provide an answer to the Court's August 19, 2021 inquiry into whether it had complied with 28 C.F.R. § 50.10 lends further support to the facts supporting a conclusion that the United States is vindictively prosecuting Shroyer. *See* Dkt. 3. 28 C.F.R. § 50.10(f)(3) establishes a policy within the United States Department of Justice that prohibits prosecutors from arresting and charging members of the news media for their actions during news-gathering activities without "first providing notice to the Director of the Office of Public Affairs and obtaining the express authorization of the Attorney General." There is no question that Shroyer is a member of the news media and that he both reported on the events of January 6, 2021 throughout the course of the day and opined on them as well during call-in reports to Infowars' video broadcasts – quintessential newsgathering activities within the meaning of 28 C.F.R. § 50.10. The United States, however, refused to tell the Court whether it viewed him as a member of the news media or followed its own procedures before charging him.[13] Its lack of candor

_____

[13] Shroyer acknowledges that 28 C.F.R. § 50.10(j) expressly denies him a substantive right to enforce the United States' procedures, but he does submit that the United

raises a serious question as to why the United States is prosecuting Shroyer, especially when there is strong indicia of vindictiveness in this prosecution.

As discussed previously, the United States does not like Shroyer's reporting on its response to the events of January 6, 2021 or his advocacy about misconduct during the 2020 presidential election. In other words, Shroyer has embarrassed the United States government and officials within the United States Department of Justice. It has retaliated by bringing an incitement prosecution under the cloak of a time and place prosecution – a move that can only be described as vindictive.

The United States' vindictiveness requires the dismissal of all charges against Shroyer, and he asks the Court to grant his motion to dismiss them.

**IV.   The United States Has Charged Shroyer With Multiplicious Counts In Violation Of The Double Jeopardy Clause Of The Fifth Amendment.**

"Multiplicity violates the Fifth Amendment's Double Jeopardy Clause, which protects not only against a second prosecution for the same offense after acquittal or conviction but also against charg[ing] the same offense in more than one count of a single indictment." *United States v. Cooper*, 886 F.3d 146, 153 (D.C. Cir. 2018). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test… to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

---

States' compliance with 28 C.F.R. § 50.10 is highly probative of whether it is vindictively prosecuting him.

Counts Two and Three in this case are multiplicious. In Count Two, the United States charges Shroyer with violating 18 U.S.C. § 1752(a)(2), which requires the United States to prove that Shroyer

> knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engages in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions.

Count Three charges Shroyer with violating 40 U.S.C. § 5104(e)(2)(D), which requires the United States to prove that Shroyer or a group of individuals that he was part of

> willfully and knowingly… utter[ed] loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress.

The elements of these charges are virtually identical:

| <u>18 U.S.C. § 1752(a)(2)</u> | <u>40 U.S.C. § 5104(e)(2)(D)</u> |
|---|---|
| "knowingly" | "willfully and knowingly" |
| "with intent to impede or disrupt the orderly conduct of Government business or official functions" | "with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress" |
| "engages in disorderly or disruptive conduct" | "utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct" |
| "in, or within such proximity to, any restricted building or grounds" | "at any place in the Grounds or in any of the Capitol Buildings" |

| "when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions." | |
|---|---|

On its face, 18 U.S.C. § 1752(a)(2) appears to contain an extra element of actual disruption. This additional element is superfluous though as both statutes require the United States to prove that a criminal defendant engaged in disruptive conduct, which implies that the United States must prove actual disruption. Thus, Counts Two and Three are multiplicious, and Shroyer moves that the Court require the United States to pick which one it wishes to charge him under and dismiss the other one.

## **CONCLUSION**

Whatever law enforcement interests that the United States has, it cannot use them to justify a course of dishonest and unconstitutional conduct designed to retaliate against a United States citizen for exercising his First Amendment rights. This principle should be axiomatic for the United States Department of Justice. That Department, however, has abandoned that principle in this case.

The Defendant, Jonathan Owen Shroyer, is left asking why as he defends himself against criminal charges that the United States has gone above and beyond to manufacture by deliberately withholding material facts from the Court that would have completely undercut its claims of probable cause. The United States had no basis to arrest Shroyer, and it deliberately misled this Court in its efforts to create a dishonest basis for prosecuting him.

It is an open secret in the United States that the United States government either deliberately or stupidly failed to take measures to properly secure the United States

Capitol building on January 6th, 2021. The United States government has deliberately obfuscated over its actions leading up to January 6th, 2021 and on January 6th, 2021. United States House Speaker Nancy Pelosi blamed President Donald Trump for withholding reinforcements. President Donald Trump claimed that Speaker Pelosi rejected help, including National Guard personnel, that later made its way to the Capitol building. Congressmen and Senators rushed to the cameras to tell exaggerated stories about how they feared for their lives as protestors "breached" the Capitol. In other words, no one took responsibility for a national failure of epic proportions – a common occurrence in Washington, D.C.

Shroyer and his media colleagues at Infowars reported a far different story that suited neither political party. Their own video evidence and videos from other witnesses to the events of January 6th, 2021 showed that the United States Capitol police removed barricades from around the United States Capitol and invited protestors to enter the grounds and restricted areas. Their video evidence showed that Shroyer and his colleagues offered to help Capitol police deescalate a situation that they alone predicted would shake the nation to its core. Their video evidence shows Capitol police directing Shroyer and his colleagues where to go to offer their assistance and other members of Capitol police pleading with their superiors for permission to accept Shroyer and his colleagues' offer to help.

The United States withheld these facts from the Court despite relying on this video evidence to accuse Shroyer. It tells an embarrassing story for the United States – one where it intentionally declined effective help to peacefully end events because it did not suit the political narrative that it intended to spin.

24

Shroyer is no rabblerouser or violent insurrectionist. He acted at the invitation and direction of the United States government on January 6th, 2021. The United States now prosecutes him for protesting its actions and exposing its incompetence on the basis of fabricated allegations. The Constitution protects Shroyer from such deceitful and tyrannical tactics that are more representative of Communist China or Russia than of the United States of America.

Thus, the Court should dismiss the indictment against Shroyer for the reasons stated herein.

THE DEFENDANT
/s/ Norman A. Pattis /s/
NORMAN A. PATTIS, ESQ.
PATTIS & SMITH, LLC
383 Orange Street
New Haven, CT 06511
Tel:  (203) 393-3017
Fax: (203) 393-9745
npattis@pattisandsmith.com

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that, on the foregoing date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties of record by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

/s/ Norman A. Pattis /s/