**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 21-CR-542-TJK** |
| **JONATHON OWEN SHROYER,** | |
| **Defendant.** | |

**UNITED STATES' OPPOSITION TO**
**DEFENDANT'S MOTION FOR CONTINUED RELEASE PENDING APPEAL**

Having signed a plea agreement waiving his appellate rights, the defendant, Jonathon Owen Shroyer's motion for release pending an appeal of his within-guidelines sentence should be dismissed out of hand. Regardless, his motion can be substantively denied pursuant to 18 U.S.C. § 3143(b)(1).

On June 23, 2023, Shroyer pled guilty to one count of entering restricted Capitol grounds, in violation of 18 U.S.C. § 1752(a)(1). ECF 38 at 1. According to the agreed-upon applicable sentencing guidelines, Shroyer faced a guidelines range of 0 to 6 months' imprisonment. *Id*. at 3-4. On September 12, the Court sentenced Shroyer to 2 months' (60 days') imprisonment, 12 months' supervised release, $500 in restitution, and $25 in special assessment fees. ECF 50, 51. On September 19, Shroyer noticed an appeal of his sentence. He now seeks release pending that appeal.

*First*, the Court can dispense of this motion as quickly as the defendant has disregarded his plea agreement. In his six-page motion, Shroyer makes one passing, incorrect reference to his signed agreement: "Mr. Shroyer also entered a plea agreement in this case and agreed not to take an appeal unless the Court imposed an unlawful sentence." ECF 52 at 2. Not so. Shroyer agreed

1

to "waive the right to appeal the sentence in this case, including but not limited to any term of imprisonment . . . and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or guidelines range determined by the Court." ECF 38 at 7. While he retained "the right to the appeal on the basis of ineffective assistance of counsel," he waived the right "to raise on appeal other issues regarding the conviction or sentence." *Id*. He should not remain on release pending an appeal he has waived.

*Second*, his appeal has no basis in fact, again because of the agreement he signed. He claims the Court inappropriately relied on the defendant's chants of "Death to tyrants!" and "1776!" while leading a mob of others onto the grounds he agreed were restricted that day. *Id*. at 3 ("These comments were not relevant to proof of an element of the offense of conviction but were considered as relevant offense conduct."). He adds that the government inappropriately used Shroyer's statements on and around January 6 to argue for a sentence of incarceration. ECF 52 at 6 ("The First Amendment, he believes, is not yet dead, try though the Justice Department might to smother it."). In his plea agreement, however, Shroyer agreed that these facts "fairly and accurately describe [his] actions and involvement in the offense to which [he] is pleading guilty" and to waive "the right to appeal the conviction in this case on any basis, including but not limited to claims that . . . the admitted conduct does not fall within the scope of the statute." ECF 38 at 2, 7. He cannot now claim that the Court was *per se* prohibited from considering any of his statements after agreeing he made them and that they were within the scope of the law he agreed he violated. And he certainly should not remain on release pending that specious argument.

*Finally*, should the Court see past the threshold barrier of the defendant's plea agreement, it can deny his motion substantively pursuant to 18 U.S.C. § 3143. The presumption at this stage

is for the defendant to be detained.  18 U.S.C. § 3143(b)(1) ("[T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained.").  The defendant can rebut that presumption only if he can show two things: (1) that, by clear and convincing evidence, he is "not likely to flee or pose a danger to the safety of any other person or the community if released"; *and* (2) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."  *Id*.  The D.C. Circuit has expressly concluded that a "substantial question" is more than just a "fairly debatable" one, a "fairly doubtful" one, or "one of more substance than would be necessary to a finding that it was not frivolous."  *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987).  Rather, a "more demanding standard" controls: "a substantial question is a close question or one that very well could be decided the other way."  *Id*. at 555-56.  This standard is more in accordance "with the expressed congressional intent to increase the required showing on the part of the defendant.  The law has shifted from a presumption of release to a presumption of valid conviction." *Id*.

Shroyer does not, and cannot, show that his appeal involves a "substantial question of law or fact likely to result in" reversal, a new trial, a reduced sentence, or a sentence of no imprisonment.  18 U.S.C. §3143(b)(1)(B); *see United States v. Rivera*, No. 22-3088, 2023 WL 1484683, at *1 (denying a defendant's motion for stay of sentence pending appeal because he could not meet the requirements under 18 U.S.C. § 3143(b)(1)(B)).  Another court in this district

has recently denied a similar motion for the same reason. *See United States v. Roberto Minuta*, Case No. 22-cr-15-APM (ECF 675).

The defendant's proffered appeal boils down to a complete ban on considering a defendant's statements while trespassing on restricted grounds in the middle of a riot, even as "relevant conduct." His entire motion and the caselaw within it, however, revolves around questions of whether a defendant can be found *guilty* based on speech. *See, e.g.*, *Counterman v. Colorado*, 600 U.S. 66, 3 (2023) (identifying the question presented as "whether the First Amendment requires proof of a defendant's subjective mindset in true-threats cases, and, if so, what *mens rea* standard is sufficient"); *Brandenburg v. Ohio*, 395 U.S. 444, 449 (1969) ("[W]e are confronted with a statute which, by its own words and as applied, purports to punish mere advocacy and to forbid, on pain of criminal punishment, assembly with others merely to advocate the described type of action."). This is not a true-threats case, nor is it an incitement case. Shroyer's guilt is not in question—he conceded that fact in his plea agreement.

Instead, the operative question of law is whether it was appropriate for the Court at sentencing to rely on Shroyer's statements made during the commission of his offense. And the operative answer is: of course. Supreme Court and Circuit caselaw make that clear. *See* ECF 46 at 18-21 (citing cases). The Supreme Court has explicitly held that "the Constitution does not erect a *per se* barrier to the admission of evidence concerning one's beliefs and associations at sentencing simply because those beliefs and associations are protected by the First Amendment." *Dawson v. Delaware*, 503 U.S. 159, 165 (1992). Indeed, a court may impose a sentence "based on" a defendant's protected beliefs as long as those beliefs are "relevant to the issues involved," *id*. at 164, just as a court may permit "the evidentiary use of speech to establish the elements of a crime

or to prove motive or intent." *Wisconsin v. Mitchell*, 508 U.S. 476, 485 (1993).

Circuit courts across the country have ruled similarly. *See, e.g.*, *United States v. Alvarez-Nunez*, 828 F.3d 52, 55-56 (1st Cir. 2016) (conduct that otherwise may be "protected by the First Amendment may be considered in imposing sentence" if it is "relevant to the issues in a sentencing proceeding" including "the degree of the defendant's remorse, . . . the likelihood of reoffending, . . . or the extent of punishment needed for deterrence"). As the Second Circuit has recognized, the Court is "*required* to sentence a convicted defendant based in part on his or her 'history and personal characteristics,'" and "a person's history and personal characteristics can often be assessed by a sentencing court only or principally through analysis of what that person has said – in public, in private, or before the court." *United States v. Stewart*, 686 F.3d 156, 166 (2d Cir. 2012); *see also United States v. Schmidt*, 930 F.3d 858, 865 (7th Cir. 2019) (recognizing that "courts of appeals also have upheld a sentencing judge's consideration of the defendant's protected associations, beliefs, or statements because that evidence was relevant to the sentencing factors set forth in 18 U.S.C. § 3553(a)"); *United States v. Fell*, 531 F.3d 197, 228 (2d Cir. 2008); *Kapadia v. Tally*, 229 F.3d 641, 648 (7th Cir. 2000) ("Nothing in the Constitution prevents the sentencing court from factoring a defendant's statements into sentencing when those statements are relevant to the crime or to legitimate sentencing considerations."); *United States v. DeChristopher*, 695 F.3d 1082, 1099 (10th Cir. 2012) ("[F]ar from punishing [the defendant] for the content of his . . . statements," the district court "simply relied on those statements to determine the sentence necessary to deter [the defendant] from future violations and to promote respect for the law.").[1] So

---

[1] Shroyer's alternative argument that his proposed ban on using speech at sentencing is akin to the Court's recent admonitions about using "acquitted conduct" at sentencing in an advisory opinion

the First Amendment is alive and well, it just didn't bar the sentencing Court from considering Shroyer's statements as they related to factors under 18 U.S.C. 3553(a).

Shroyer does not grapple with any of this caselaw. In fact, he erroneously claims that his proposed issue is one of "first impression." ECF 52 at 5. The case law resoundingly confirms the opposite: It is not only appropriate but "well established" that the Court can, and should, consider a broad array of information at sentencing, including the defendant's statements during the commission of the offense. He has failed to present a "substantial question" "that very well could be decided the other way," *Perholtz*, 836 F.2d 554, 555-56, and he has failed to rebut the presumption of detention now applicable. Shroyer should report to the Bureau of Prisons on his self-surrender date.

**Conclusion**

In sum, the defendant's notice of appeal is dependent on rights he explicitly waived in his plea agreement. He cannot now build a motion for release on that nonexistent foundation. And, even if he could, he cannot meet the legal requirements to rebut the presumption of detention under Section 3143. The government respectfully opposes the defendant's motion for release from custody pending appeal.

---

denying cert in *McClinton v. United States*, 600 U.S. ___ (June 30, 2023), misses the mark. Shroyer has no acquitted conduct because he pled guilty. The concerns the Court articulated in *McClinton* do not apply to a case where the defendant agrees he committed the offense and made the statements, and the Court tied those statements to particular sentencing factors it must consider under 18 U.S.C. § 3553(a).

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:  _____
Troy A. Edwards, Jr.
Assistant United States Attorney
N.Y. Bar No. 5453741
Kimberly Paschall
Assistant United States Attorneys
U.S. Attorney's Office, District of Columbia
601 D Street NW
Washington, D.C. 20530