UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JONATHON OWEN SHROYER,**<br><br>Defendant. | Case No. 21-CR-542-TJK |

**GOVERNMENT'S UNOPPOSED MOTION FOR LEAVE TO FILE SURREPLY
TO DEFENDANT SHROYER'S MOTION FOR RELEASE PENDING APPEAL**

On September 19, 2023, the defendant, Jonathon Owen Shroyer, filed a motion for release pending appeal pursuant to 18 U.S.C. § 3143. On September 27, the government filed its opposition, arguing primarily that Shroyer had waived his right to appeal his within-guidelines sentence by signing a plea agreement and that, regardless, he failed to rebut the presumption of detention in Section 3143. On October 10, Shroyer filed a reply brief. In it, he "offers a portion of his draft appellate brief" and argues for the first time that caselaw makes clear that his sentence was "substantively unreasonable." ECF 56 at 2-8, 11-17.

The government moves for the opportunity to respond to this new argument and caselaw. The government conferred with Shroyer's counsel, who has authorized the government to represent that Shroyer is not opposed to the government filing a surreply on this issue.

"Courts generally 'need not consider' arguments raised for the first time in reply briefs." *United States v. Mejia*, No. 10-CR-256-03 (RCL), 2023 WL 2297465, at *1 n.2 (D.D.C. Feb. 23, 2023) (quoting *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1001 (D.C. Cir. 2008)). "This is 'due to concern that the opposing party would lose an opportunity to respond.'" *Id.* (quoting *United States v. Brown*, 249 F. Supp. 3d 287, 295 n.1 (D.D.C. 2017) (citation omitted)).

Should the Court consider defendant Shroyer's new argument filed in his reply brief, the government moves to file the attached surreply. Before filing a surreply, a party must move the court for leave to file. *Longwood Vill. Rest., Ltd. v. Ashcroft*, 157 F. Supp. 2d 61, 68 n.3 (D.D.C. 2001). "The decision to grant or deny leave to file a surreply is committed to the sound discretion of the Court." *Mejia*, 2023 WL 2297465, at *1 n.3 (quoting *Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75, 85 (D.D.C. 2014)); *see also Lu v. Lezell*, 45 F. Supp. 3d 86, 91 (D.D.C. 2014)). "A district court should consider 'whether the movant's reply in fact raises arguments or issues for the first time, whether the non-movant's proposed surreply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted.'" *Id*. (quoting *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012)); *see also Groobert v. President and Dirs. of Georgetown Coll.*, 219 F. Supp. 2d 1, 13 (D.D.C. 2002) (permitting party to file a surreply because it addressed a new matter presented by the defendants' reply); *Alexander v. Federal Bureau of Investigation,* 186 F.R.D. 71, 74 (D.D.C. 1998) (granting motion for leave to file a surreply where the reply included a declaration that was not included in the original motion, which raised "matters presented to the court for the first time"); *Am. Forest & Paper Ass'n v. U.S. Envtl. Prot. Agency*, 1996 WL 509601, at *3 (D.D.C. 1996) (permitting party to file a proposed surreply because it was "helpful to the adjudication o the . . . motions in this case, and is not unduly prejudicial" to the opposing party).

In his opening motion, Shroyer did not articulate a substantive unreasonableness claim in nearly the detail or caselaw he now does in his reply brief. Denying the government's motion would leave the government without an opportunity to respond to Shroyer's new argument, and granting the motion would not prejudice Shroyer and would be helpful in resolving the pending motions.

2

WHEREFORE, the government respectfully requests that the Court grant the government's unopposed motion to file the surreply attached to this motion.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: _____
Troy A. Edwards, Jr.
Assistant United States Attorney
NY Bar No. 5453741
Kimberly Paschall
Assistant United States Attorneys