UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JONATHON OWEN SHROYER,<br><br>Defendant. | Case No. 21-CR-542-TJK |

GOVERNMENT'S SURREPLY TO
DEFENDANT SHROYER'S MOTION FOR RELEASE PENDING APPEAL

Jonathon Owen Shroyer does not, and cannot, meet his burden of rebutting the presumption of detention pursuant to 18 U.S.C. § 3143. Release pending appeal is not warranted.

*First*, Shroyer appears to concede that the appellate waiver in his plea agreement is valid and covers the issues he seeks to raise on appeal. ECF 56 at 2. His only argument around the waiver is that his sentence is "substantively unreasonable," because it is "never permissible to burden or chill protected speech in the context of a criminal proceeding." *Id*. Plea agreement appellate waivers, however, apply equally to procedural *and* substantive challenges. *See United States v. Ortega-Hernandez*, 804 F.3d 447, 451-52 (D.C. Cir. 2015) (enforcing appellate waiver in plea agreement as to the procedural and substantive reasonableness of the defendant's sentence).

In light of his appellate waiver, Shroyer has not shown on the merits that he presents a "substantial question" of substantive unreasonableness. *See* 18 U.S.C. § 3143(b)(1)(B). He agreed in his plea agreement that a sentence within the estimated Guidelines range of zero to six months would be reasonable. ECF 38 at 4. *See United States v. Mattea*, 895 F.3d 762, 769 (D.C. Cir. 2018) (rejecting argument that a within-Guidelines sentence was substantively unreasonable, "especially given that [the defendant] himself conceded in his plea agreement that any within-

Guidelines sentence would be 'reasonable'"); *see also Ortega-Hernandez*, 804 F.3d at 451-52 (rejecting a defendant's attempt to appeal his within-Guidelines sentence after he "made a knowing, intelligent, and voluntary waiver of his right to appeal his sentence to a term of imprisonment within the guidelines range"). And he does not actually argue that his sentence meets the test for a substantively unreasonable sentence—that is, his sentence is "so unreasonably high" given "the facts and circumstances of the offense and offender" that it warrants reversal." *United States v. Gardellini*, 545 F.3d 1089, 1093 (D.C. Cir. 2008).

Instead, he argues that his sentence is substantively unreasonable because, in deciding the appropriate sentence, the Court considered the statements Shroyer made while committing the crime, and Shroyer's statements showing a lack of genuine remorse.[1] ECF 56 at 11. As support for his claim of substantive unreasonableness, he provides a litany of cases dealing with criminal liability and guilt based on speech—a wholly different question than whether a court can consider speech *after* a defendant is found guilty and when he is being sentenced. As established in the government's sentencing memorandum and its opposition to his motion for release, it is a well-settled principle of law that a sentencing court can consider a defendant's speech at sentencing, especially when it is tied to the factors the court must consider at sentencing under 18 U.S.C. § 3553(a). *See, e.g.*, *Wisconsin v. Mitchell*, 508 U.S. 476, 485 (1993); *Dawson v. Delaware*, 503 U.S. 159, 165 (1992); *United States v. Williamson*, 903 F.3d 124, 136 (D.C. Cir. 2018) ("Here, all

---

[1] Shroyer also argues that the Court could not rely on comments he made prior to January 6, 2021. *E.g.*, ECF 56 at 13. That is legally incorrect for the reasons stated herein. And in any event, the Court drew a distinction between Shroyer's statements on January 6, and statements made before January 6. The Court was inclined to give "little to no weight" to the latter category. *See* 9/12/23 Tr. at 12:17-13:9. Indeed, the Court did not rely on Shroyer's pre-January 6 statements in issuing the sentence. *Id.* at 44:2-22 (Court identifying "three things" driving the sentence: Shroyer's violation of his deferred prosecution agreement; that Shroyer was not merely a trespasser, but "play[ed] a role in amping up the crowd on the Capitol steps by leading chants that day"; and Shroyer's lack of genuine remorse).

of the ostensibly First Amendment-protected activity considered by the district court was relevant to the sentencing decision.  Under *Dawson*, the court therefore could take into account that activity in determining a suitable sentence.  The court found that [the defendant's] communications established a pattern of disturbing conduct that worsened over time, bearing on both the seriousness of his offense and on the need to protect the public generally . . . .  The court did not violate the First Amendment in doing so.").

The Court did just that.  And appropriately so—there is a relevant difference between a defendant who simply trespassed on restricted grounds on January 6, and a defendant who used a megaphone to lead hundreds of others to trespass on restricted grounds with him on January 6, and then showed no genuine remorse.  The latter, Mr. Shroyer, presents a more significant need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct, *see* 18 U.S.C. § 3553(a)(2).  Even the defendant appeared to recognize at the sentencing hearing that his statements during the offense were are at least "marginally" relevant.  09/12/23AM Tr. at 30 (Court: "We're talking about the margins here, but I can't imagine, are you arguing to me that that's not relevant?"  Mr. Pattis: "If it is, it's marginally so.").  More importantly, the Court appropriately recognized as much and sentenced the defendant accordingly.

WHEREFORE, the Court should deny defendant Shroyer's motion for release pending appeal, and he should report to the Bureau of Prisons as instructed.

                                            Respectfully submitted,

                                            MATTHEW M. GRAVES
                                            UNITED STATES ATTORNEY
                                            D.C. Bar No. 481052

By:        _____
            Troy A. Edwards, Jr.
            Assistant United States Attorney
            NY Bar No. 5453741
            Kimberly Paschall
            Assistant United States Attorney

4